NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MED-METRIX, LLC, | Civil Action No. 17-3400 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| SHEILA BOYCE et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before this Court on two motions to dismiss the First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants: 1) Quality Billing Service, Inc. ("QBS"); and 2) Sheila Boyce ("Boyce") and Perry Santullo ("Santullo"). For the reasons that follow, the motions will be granted in part and denied in part.

This case arises from a business dispute between Plaintiff Med-Metrix, LLC ("Metrix") and the three Defendants. The FAC alleges that Boyce had been employed by Metrix, that Boyce and Santullo are married, and that Santullo is President of QBS. Metrix has filed the First Amended Complaint, which asserts thirteen claims, the first three of which are against Defendant Boyce only. QBS has moved to dismiss all claims against it. Boyce and Santullo have moved to dismiss all claims against them, except for the First Count.

1. Second Count: breach of the covenant of good faith and fair dealing against Boyce

Boyce moves to dismiss the Second Count, for breach of the implied covenant of good faith and fair dealing, on the ground that it "does not allege any distinct factual predicate" and is duplicative of the First Count for breach of contract. (Boyce Br. 2.) Boyce cites no controlling authority for the proposition that claims must be factually distinct. Federal Rule of Civil Procedure 8(d)(2) allows for pleading in the alternative, which generally involves pleading multiple claims based on the same nucleus of facts. The Second Count does not duplicate the First Count: having one claim for breach of contract and another claim for breach of the implied covenant of good faith and fair dealing is standard practice, as they are different causes of action. As to the Second Count, Boyce's motion to dismiss will be denied.

2. Third Count: breach of the duty of loyalty against Boyce

Boyce moves to dismiss the Third Count, for breach of the duty of loyalty, on the ground that it is barred by the economic loss doctrine and duplicative of the Second Count. As to the assertion that the Third Count is duplicative, again, breach of the implied covenant of good faith and fair dealing and breach of the duty of loyalty are legally distinct theories. As to the economic loss doctrine, Boyce relies on a quote out of context from State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 678 (D.N.J. 2009) ("If a plaintiff's harm is a result of a contractual breach, the economic loss doctrine bars those tort claims.") Here is the quote in context:

> Notwithstanding the lack of clear precedent on the issue, the focus of the inquiry as to whether the economic loss doctrine applies is not based on the general type of tort claim being asserted but rather whether the

> plaintiff's entitlement to economic losses flows directly from obligations
> set forth in a contract between the parties. If a plaintiff's harm is a result of
> a contractual breach, the economic loss doctrine bars those tort claims.

Id. Note the sentence that precedes Boyce's quote: the issue is "whether the plaintiff's entitlement to economic losses flows directly from obligations set forth in a contract between the parties." Id. In the instant case, Plaintiff's entitlement to economic losses, under the legal theory of the Third Count, does not flow directly from contractual obligations, but from an employee's independent duty of loyalty to an employer. In State Capital, the complaint asserted that the "duty of loyalty is implicit in the agreement [between the parties]," and is thus distinguishable. Id. The economic loss doctrine does not bar the Third Count. As to the Third Count, Boyce's motion to dismiss will be denied.

      3.     Fourth Count: fraud and misrepresentation against all Defendants

In both motions, Defendants move to dismiss the Fourth Count on the ground that it fails to plead fraud with the particularity required by Rule 9(b). In opposition, Plaintiff contends that the argument has no merit, but does not demonstrate that the Fourth Count pleads with specificity what false representations Boyce made and when she is alleged to have made them. This is not sufficient. Under Third Circuit law, Rule 9(b) requires that "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). As to the Fourth Count, both motions to dismiss will be granted, and the Fourth Count will be dismissed without prejudice.

4. The three trade secrets claims

In both motions, Defendants move to dismiss the claims for misappropriation of trade secrets (the Fifth Count, for common law misappropriation of trade secrets and confidential information; the Sixth Count, for violation of the New Jersey Trade Secrets Act; and the Thirteenth Count, for violation of the Defend Trade Secret Act), on the ground that the alleged trade secrets are not specifically identified. Defendants cite no authority for the proposition that there are any special pleading requirements for trade secret claims. Absent that, this Court applies the Twombly standard: in order to defeat a Rule 12(b)(6) motion, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Defendants themselves cite Rohm & Haas Co. v. ADCO Chem. Co., 689 F.2d 424, 431 (3d Cir. 1982), for the proposition that a trade secret must "be the secret of a particular employer and not a matter of general knowledge in the industry." The allegations in the FAC make plausible claims that Defendants misappropriated information that was the secret of Metrix and not a matter of general knowledge in the industry. As to the Fifth, Sixth, and Thirteenth Counts, both motions to dismiss will be denied.

5. Seventh Count: conversion of intellectual property against all Defendants

In both motions, Defendants move to dismiss the Seventh Count, for conversion of intellectual property against all Defendants, on the ground that New Jersey courts do not recognize conversion claims for intangible property, such as intellectual property. In opposition, Plaintiff argues that some of the materials, such as employee training

materials and presentation slides, have tangible form.

This Court has held that "a cause of action for conversion relates to interference with tangible property and does not protect rights to intangible property." Strikeforce Techs., Inc. v. Whitesky, Inc., 2013 U.S. Dist. LEXIS 96832, at *25 (D.N.J. July 11, 2013). Metrix does not dispute this, but seeks to avoid it with the contention that some of the intellectual property can have a tangible form. This Court need not reach that argument because the FAC affirmatively states that the Seventh Count is for conversion of intellectual property. Plaintiff has not disputed that "conversion of intellectual property" does not state a valid claim for relief under New Jersey law. As to the Seventh Count, the motions to dismiss will be granted, and the Seventh Count will be dismissed with prejudice.

      6.      Eighth Count: unfair competition against all Defendants

In both motions, Defendants move to dismiss the Eighth Count, for unfair competition against all Defendants, on the ground that the FAC contains only conclusory allegations that are insufficient under Iqbal. Plaintiff's opposition repeats some of the factual allegations in the FAC.

"Unfair competition" is a label that can be used with a number of different causes of action. A sister Court opined that "New Jersey's law of unfair competition is an amorphous area of jurisprudence." Duffy v. Charles Schwab & Co., 123 F. Supp. 2d 802, 815 (D.N.J. 2000). While neither the FAC nor Plaintiff's opposition brief state clearly the law on which this claim is based, from the context, this Court infers that it is unfair competition under New Jersey's common law, described by a sister court as follows:

5

> Misappropriation of confidential information may constitute unfair competition under New Jersey law. Under New Jersey law, to be judicially protected, misappropriated information need not rise to the level of the usual trade secret, and indeed, may otherwise be publicly available. The key to determining the misuse of the information is the relationship of the parties at the time of disclosure, and its intended use. This tort tends to arise where an ex-employee uses confidential information to assist a competitor.

Torsiello v. Strobeck, 955 F. Supp. 2d 300, 314 (D.N.J. 2013) (citations omitted).

Understood from this legal framework, the Eighth Count is similar to the other claims involving misappropriation of confidential information, but relies on a different legal theory. The FAC pleads sufficient facts to support such claims, and the motions to dismiss the Eighth Count will be denied.

  7.  Ninth Count: tortious interference against all Defendants

In both motions, Defendants move to dismiss the Ninth Count, for tortious interference with prospective economic advantage against all Defendants, on the ground that the FAC fails to plead an essential element of the claim: "there must be allegations of fact giving rise to some 'reasonable expectation of economic advantage.'" Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 751 (1989). This Court finds that the FAC does not plead facts that give rise to a reasonable expectation of economic advantage; to the contrary, it pleads facts that suggest no reasonable expectation of economic advantage.

The FAC alleges the following facts. On January 20, 2017, Health Quest Systems sent four or five companies, including Plaintiff, a request for proposal. (FAC ¶ 26.) On March 24, 2017, Defendant Boyce participated in a conference call with Health Quest Systems about its proposal. (FAC ¶ 41.) Following the call, Boyce sent Santullo an

email, which said: "Not the best update call I ever had. I don't think you have to worry about us winning that RFP." (FAC ¶ 42.) The FAC alleges no facts that make plausible the inference that Metrix had a reasonable expectation of economic advantage in terms of winning the contract with Health Quest Systems. To the contrary, the allegation about Boyce's email to Santullo makes plausible the inference that Metrix did not have a reasonable expectation of economic advantage in terms of winning the contract with Health Quest Systems.

The FAC thus fails to plead specific facts which make plausible the inference that that Metrix had a reasonable expectation of economic advantage. As to the Ninth Count, the motions to dismiss will be granted. Furthermore, because the FAC pleads facts which negate the inference that Metrix had a reasonable expectation of economic advantage, this Court concludes that repleading is futile, and the Ninth Count will be dismissed with prejudice.

    8.    Tenth Count: violation of the Computer Fraud and Abuse Act

In both motions, Defendants move to dismiss the Tenth Count, for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, against all Defendants, on the ground that the FAC does not allege all essential elements of the claim. Specifically, Defendants argue that the FAC does not allege unauthorized access and loss. The parties debate whether an employee who is authorized to use an employer's computer system can be understood to have engaged in "unauthorized access," but this Court does not see how it is essential to resolve that question on this motion. As Plaintiff points out, 18 U.S.C. § 1030(a)(4) covers: "Whoever . . . accesses a protected computer without authorization, or

7

exceeds authorized access . . . ." The FAC alleges that Boyce exceeded authorized access by "reviewing client folders that she would have no legitimate business reason to access." (FAC ¶ 33.) This is sufficient to make plausible the element of exceeding authorized access.

Defendants next argue that the FAC does not support liability for QBS in the absence of an agency relationship between Boyce and QBS. Plaintiff does not respond to this argument, and this Court construes this as an abandonment of the Tenth Count against Defendant QBS. The motion to dismiss the Tenth Count against QBS is granted, and, as regards Defendant QBS only, the Tenth Count will be dismissed with prejudice.

Defendants argue as well that the FAC fails to allege a loss. Plaintiff, in opposition, notes that 18 U.S.C. § 1030(e)(11) defines "loss" to include: "the cost of responding to an offense, conducting a damage assessment . . ." Plaintiff also asserts that the FAC pleads that Plaintiff had to conduct an audit and damage assessment in response to the alleged violation, but does not include any citation to point the Court to where in the FAC this is. FAC ¶ 34 alleges that Metrix performed an audit of Boyce's computer use. At this stage, that is sufficient to make plausible the inference that Plaintiff's costs expended in responding to the alleged offense are a loss, within the meaning of the statute.

As to Boyce's motion to dismiss the Tenth Count, the motion will be denied. As to QBS' motion to dismiss the Tenth Count, the motion will be granted.

9. Eleventh Count: New Jersey Computer Offenses Act

In both motions, Defendants move to dismiss the Eleventh Count, for violation of

the New Jersey Computer Related Offenses Act ("CROA"), N.J.S.A. § 2A:38A-3, on the ground that QBS is not an actor within the meaning of the statute. QBS cites Fairway Dodge, Inc. v. Decker Dodge, Inc., 2006 N.J. Super. Unpub. LEXIS 1360, at *33 (N.J. Super. Ct. App. Div. June 12, 2006) for the proposition that only those that actually access the computer information may be liable under the statute, but QBS has mischaracterized the decision: the quote that QBS offers is followed by a sentence which begins: "Moreover, even assuming that the CROA does allow for vicarious liability . . ." Id. at *34. This makes clear that the Appellate Division Court did not mean – contrary to QBS' argument – to construe the statutory language to bar vicarious liability. The motion to dismiss the Eleventh Count will be denied.

    10.    Twelfth Count: unjust enrichment

In both motions, Defendants move to dismiss the Twelfth Count, for unjust enrichment, on the ground that the FAC does not allege that Metrix conferred a benefit on QBS with the expectation of remuneration. Plaintiff has not opposed the motion to dismiss this claim. As to the Twelfth Count, the motion to dismiss will be granted, and the Twelfth Count will be dismissed with prejudice.

Defendants also move to strike the *ad damnum* clauses in the FAC on the ground that they violate L. Civ. Rule 8.1. In response, Metrix consents to the striking of the amounts stated in the *ad damnum* clauses. The motion to strike will be granted.

For these reasons,

**IT IS** on this 7th day of November, 2017, hereby

**ORDERED** that Defendants' motions to dismiss the FAC (Docket Entry Nos. 22 and 24) are **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to the Fourth Count, the motions to dismiss the FAC are **GRANTED**, and the Fourth Count of the FAC is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to the Seventh, Ninth and Twelfth Counts, the motions to dismiss the FAC are **GRANTED**, and the Seventh, Ninth and Twelfth Counts of the FAC are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the Tenth Count against Defendant QBS only, the motion to dismiss the FAC is **GRANTED**, and the Tenth Count of the FAC against Defendant QBS only is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the remaining claims, in whole or in part, the motions to dismiss the FAC are **DENIED**; and it is further

**ORDERED** that the motion to strike the *ad damnum* clauses is **GRANTED**.

                                               s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J